EDNA ROBISON, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Court of Claims, March 27, 1941.

*Wright & Livingston* [*John W. Miles* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella* of counsel], for the defendant.

DYE, J. This is an application for an order permitting the filing of a claim more than ninety days after the accrual of the alleged cause of action, pursuant to section 15 of the Court of Claims Act.

Claimant was employed by the State of New York at the Newark State School and, while so employed, fell on a wet floor and injured her right leg. The injury consisted of a fracture of the neck of the right femur. She was treated by the school physician who did not diagnose the injury as a fracture, with the result that a permanent disability resulted which prevents the claimant from resuming her employment.

Before discovering the faulty diagnosis, she applied for benefits under the Workmen's Compensation Law, which have been allowed and payments are being made thereunder. The Workmen's Compensation Law provides an exclusive and complete remedy for claims by employees against employers resulting from injuries sustained during and in the course of employment. (§ 11.) The law authorizes an injured employee to select a physician of his own choosing. (§ 13-a.) She elected to choose the employer's physician with an unsatisfactory result. Such act cannot have the effect of setting aside the Workmen's Compensation Law so as to create a right to a common-law action against the employer for the resultant damage.

As her initial injury was sustained during and in the course of her employment, she is limited to the benefits prescribed by the Workmen's Compensation Law. Her proposed claim therefore, does not state facts sufficient to constitute a cause of action, and her application for leave to file claim must be denied.

Submit order.